[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage (of slightly more than 19 years) brought by the plaintiff Wife, hereafter "Wife" against the defendant Husband, hereafter "Husband", in December, 1995. Following a hearing before this court on March 24, 1997 in which both parties participated, the court finds from the totality of the evidence that the allegations of the complaint have been proven. Accordingly, judgment of dissolution of the marriage is hereby granted on the grounds of irretrievable breakdown with no reasonable prospect of reconciliation. CT Page 4139
Based upon the totality of the evidence and in consideration of the criteria set forth in CGS §§ 46b-62, 46b-81, 46b-82 and46b-84, the court makes the following additional findings of facts and enters the following orders:
 1. Sole custody of the children issue of this marriage, namely Corey Plantamauro and Shawn Plantamauro, is granted to the Wife. Husband shall have no rights of visitation until he has successfully completed the Parenting Education Program and until further order of this court concerning visitation.
 2. The court will not consider any motions or requests from the Husband until he has submitted proof of his successful completion of the Parenting Education Program.
 3. Husband shall pay child support directly to Wife as follows commencing April 7, 1997:
 (a) $50.00 per week for Corey Plantamauro until he completes the 12th grade of school or attains the age of 19, whichever first occurs;
 (b) $100.00 per week for Shawn Plantamauro until Shawn completes the 12th grade of school or attains the age of 19, whichever first occurs, unless Shawn is not a full-time high school student or does not permanently reside with a parent, in which case the child support for Shawn shall terminate on Shawn's eighteenth birthday.
 These orders are based upon the child support guidelines as provided by Wife's attorney and based upon incomes reflected on Husband's last financial affidavit showing gross weekly income of $550. However, Husband did not provide an up to date financial affidavit at trial. His gross income for 1996, plaintiff's Exhibit B, his W-2 for 1996, shows a gross income of $33,418.60 which is $642.66 per week. The court will accept this deviation from the guidelines at this time for the sole reason of the orders on arrearage and attorney's fees hereinafter made.
 4. The Husband shall provide adequate health insurance for the benefit of his children so long as he is under the support obligations aforementioned. He shall make COBRA benefits available to the Wife at her cost. Husband and Wife shall share equally the unreimbursed medical and dental expenses of the minor CT Page 4140 children.
 5. Each party shall be solely responsible for the liabilities set forth on their respective financial affidavits and for no liabilities of the other.
 6. Wife is entitled to take both children as tax exemptions for the year 1996 and thereafter.
7. Husband will pay Wife alimony of $1.00 per year.
 8. The court finds that Husband is in arrears in the payment of court ordered child support in the amount of $2700 and orders him to pay said amount to the Wife at the rate of $25 per week commencing April 7, 1997.
 9. Payment of the child support and arrearage orders shall be subject to an immediate wage garnishment and/or execution.
 10. Based upon Husband's lack of co-operation in the court proceedings throughout this case, Husband is ordered to pay attorney's fees for the Wife in the amount of $1500 payable to Wife's attorney, David Dee, 67 Russ Street, Hartford, Connecticut at the rate of $100 per month commencing May 1, 1997.
 11. The Husband is permanently restrained from entering upon any portion of the marital property at 36-38 Elm Hill Road, Vernon, CT except that he may go there one time only accompanied by a Police Officer or a person selected by Wife to pick up such personal belongings as agreed upon by Wife in advance. Husband is to contact Wife's attorney to confirm in writing the identity of the personal belongings and to arrange with him the date, time and circumstances of the pick-up.
 12. Based upon the appraisal submitted by the Wife, Plaintiff's Exhibit A, the court finds the fair market value of 36-38 Elm Hill Road, Vernon, to be $140,000. Based upon submissions by Wife's attorney at the request of the court, copies of which he claims were sent to Husband, the court finds the two mortgage balances to be:
(a) Savings Bank of Manchester $37,901.21
 (b) Fleet Bank 25,282.07 ----------- CT Page 4141 Total $63,183.28
This leaves an equity of:
$140,000.00 Value
 Less 63,183.28 ----------- = $ 76,816.72 Equity
 Since this is a 19 year marriage, Husband is entitled to 50% of the equity as set forth above. Accordingly, the Husband shall execute a valid quit-claim deed to the Wife conveying all of his right, title and interest in the subject property to her within two weeks of the date hereof. Wife will simultaneously give to Husband a mortgage note and deed as to said property in the amount of $38,408.36. Said note and deed will have the customary provisions and an interest rate of 4% per annum, and will be due and payable upon the occurrence of the first of the following:
 (a) The Wife's remarriage or cohabitation for more than three months with an adult male.
(b) The death of the Wife.
 (c) The permanent vacating of the premises by the Wife and both children.
(d) Five years from the date hereof.
 The Husband will not be able to take advantage of increased equity since the Wife will be paying all the bills, mortgages etc. concerning the premises. However, if there is a decrease in equity solely as a result of a decrease in the market value of the premises, payoff of this note shall be in an amount that is no more than 50% of the equity, plus accrued interest, remaining solely due to a decrease in the market value. Wife will assume and hold Husband harmless from all mortgages and debts and expenses in connection with said premises.
 13. The Pontiac and the Ford automobiles are awarded to the Wife.
Rittenband, Judge CT Page 4142